IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00121-RPM

---

DUANE WILLIAMS,

Plaintiff,

v.

THE CITY OF AURORA,
AURORA POLICE DEPARTMENT,
MICHAEL MINISINI, in his official and individual capacities,
DOUGLAS WILKINSON, in his official and individual capacities,

Defendants.

---

## *STIPULATED PROTECTIVE ORDER*

---

Duane Williams ("Plaintiff") and Defendants, Michael Minisini, Douglas Wilkinson, and the City of Aurora ("Defendants"), by their counsel of record, jointly request that this Stipulated Protective Order be entered in the above-captioned matter in order to preserve the confidentiality of confidential information.

Good cause appearing therefor, IT IS HEREBY ORDERED as follows:

a.      In this action, Plaintiff and Defendants have sought, anticipate seeking, anticipate receiving, and/or anticipate disclosing, providing, or producing (collectively "disclosing"), pursuant to F.R.C.P. Rule 26, documents, testimony, and other confidential information (collectively "information") that contains financial information, personnel information, or

personal information (defined as "information the disclosure of which could cause invasion of the privacy of Plaintiff or an employee or agent of either of Defendants, or could cause annoyance or embarrassment for Plaintiff or an employee or agent of either of Defendants"). This Protective Order shall govern the disclosure, maintenance, and use of all information, of any nature and form whatsoever, designated by either Plaintiff or Defendants as containing confidential information, financial information, personnel information, or personal information (hereafter "Confidential Information").

b.      "Confidential Information" shall include, but not be limited to, any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, that is designated by Plaintiff or Defendants as containing confidential information, financial information, personnel information, or personal information.

c.      Information disclosed by Plaintiff to Defendants, or by Defendants to Plaintiff, pursuant to F.R.C.P. 26, may be designated as confidential information in the following manner:

(1)     By imprinting the word "Confidential" on the first page or cover of any document;

(2)     By imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission;

(3)     With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty days after the testimony is given; and

(4)     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten days after receipt of the transcribed testimony.

d.     All information disclosed by Plaintiff or Defendants designated as confidential information shall be subject to the following restrictions:

(1)     The information shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever; and

(2)     The information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

(A)     The party(ies) receiving such confidential information; such party's (parties') agents, contractors, and employees in this litigation; such party's (parties') counsel, and such counsels' members, partners, agents, contractors, and employees in this litigation; provided that each such individual signs an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(B)     Experts whose opinions may be presented at trial in this litigation, who are retained or specially employed by a party for the purposes of this litigation, or who are consulted by counsel in connection with this litigation, but only to the extent the communication or disclosure of confidential information is

necessary to assist counsel in the prosecution or defense of this litigation, and is necessary for the expert's rendition of services in this litigation, provided that each such expert sign an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(C)     Persons noticed for depositions to the extent reasonably necessary in preparing them to testify at their depositions in this litigation, provided that each such person sign an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(D)     Deponents during the course of their depositions in this litigation;

(E)     Persons designated as trial witnesses in this litigation, to the extent reasonably necessary in preparing them to testify at trial in this litigation, provided that each such person sign an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(F)     Trial witnesses during the course of their trial testimony in this litigation;

(G)     The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action, or any appeal therefrom; and

(H)     Such other persons as the Court may specifically approve after notice and hearing in this litigation, but only subject to any terms or conditions imposed by the Court, and provided that each such person sign an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court.

e.     Individuals authorized to review confidential information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

f.     No access to confidential information shall be permitted to any individual identified in subparagraphs d.(2)(A) - (H), including the Plaintiff, until the individual to be accorded access has signed an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court.  Plaintiff's counsel shall be responsible for maintaining a list of all persons to whom any confidential information disclosed by any of the Defendants is disclosed.  Defendants' counsel shall be responsible for maintaining a list of all persons to whom any confidential information disclosed by Plaintiff is disclosed.  The opposing party may inspect a party's counsels' list only upon

showing that the party has substantial need of the list to establish the source of an unauthorized disclosure of confidential information and that the party is unable, without undue hardship, to identify the source of the disclosure through other means.

g.      No copies of confidential information disclosed by one party to an opposing party may be made by the party receiving the confidential information, except by or on behalf of the receiving party's (parties') counsel in this litigation.

h.      All confidential information received by a party or the party's counsel in this litigation, including all extracts, abstracts, charts, summaries, notes, recordings, transcriptions, or copies made therefrom, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

i.      In the event that a party desires to permit access to information received from an opposing party, which is identified as "confidential" hereunder, to any person or category of persons not identified in paragraphs d.(2)(A) - (H) above, the receiving party shall inform the other party(ies) in writing, and the parties shall attempt first to resolve the matter in good faith and on an informal basis.  If the parties are unable to resolve their dispute, the receiving party shall move this Court for an Order that such a person or category of persons may be given access to the information.  In the event that the motion is granted, such person or category of persons may be given access to the information.  In the event that the motion is granted, such person or category of persons may have access to the information, but only subject to any terms or conditions imposed by the Court, and provided that such person or persons sign an undertaking in the form attached hereto as Exhibit "A" agreeing to be bound by this Protective Order and consenting to the jurisdiction of the Court.

j.      All information disclosed by Plaintiff or Defendants designated as Counsel's Eyes Only shall be subject to the following restrictions:

(1)   Such information shall be disclosed only to counsel for the parties to this matter, and shall not be disclosed to any other person for any other purpose;

(2)   Counsel for the parties who receives information designated Counsel's Eyes Only shall only disclose such information to the parties in verbal form, and shall do so to the extent necessary to effectively represent the interests of the respective parties to this matter.

k.      Counsel for the parties shall be responsible for assuring compliance with the terms of this Protective Order by their respective clients and any other persons to whom such counsel and their clients disclose confidential information from an opposing party, and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any confidential information is disclosed in accordance with the Protective Order from all qualified recipients to whom any confidential information is disclosed in accordance with this Protective Order.

l.      If a party objects to an opposing party's designation of certain information as "confidential information," he/she/it shall inform the other party(ies) in writing that the information should not be deemed "confidential information," and the parties shall attempt first to resolve such dispute in good faith and on an informal basis.  If the parties are unable to resolve their dispute, the objecting party shall present a motion to the Court objecting to such status or the objection is waived.  The information at issue shall continue to have confidential information status during the pendency of any such motion.

m.      If either party intends to file documents with the Court under seal, said party shall submit a separate motion seeking leave to do so.

n.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

o.      By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of information disclosed subject to this Protective Order.

p.      Within ninety (90) days of the termination of this litigation, including any appeals, counsel for any party that received confidential information from an opposing party shall be required immediately to return to counsel for the disclosing party all confidential information disclosed subject to this Protective Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes, or copies made therefrom.

q.      Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

r.      The following documents and information, produced and/or compiled in the course of investigating, defending, and/or prosecuting Aurora Police Department Criminal Case No. 08-13156 and Arapahoe County District Court Case No. 08CR1023, are not subject to the provisions of this protective order:  photographs, dispatch tapes, dispatch logs, police reports, witness statements in whatever form recorded or preserved, Plaintiff Williams' criminal history, property logs, and evidence logs.  Notwithstanding the foregoing specific exceptions, the parties

retain the right to redact any information from any documents or other information produced in discovery, subject to the provisions of F.R.C.P. 26(b)(5).

       WHEREFORE, the parties respectfully request the Court enter this Stipulated Protective Order.

Dated:  July    , 2009.

                                   Respectfully submitted,


                                   s/ Peter Ruben Morales
                                   Peter Ruben Morales
                                   Charles H. Richardson
                                   Office of the City Attorney
                                   Aurora Municipal Center, Suite 5300
                                   15151 East Alameda Parkway
                                   Aurora, Colorado  80012
                                   Telephone:  (303) 739-7030
                                   Facsimile:  (303) 739-7042
                                   E-mail:  jbannon@auroragov.org
                                   ATTORNEY FOR DEFENDANTS CITY OF AURORA AND AURORA POLICE DEPARTMENT

s/ Michael T. Lowe
Michael T.  Lowe
Bruno, Colin, Jewell and Lowe, P.C.
1560 Broadway, Suite 1099
Denver, CO  80202-5143
Telephone:  (303) 831-1099
Facsimile:  (303) 831-1088
E-mail:  mlowe@bcjlpc.com
ATTORNEY FOR OFFICERS MINISINI
AND WILKINSON IN THEIR
INDIVIDUAL CAPACITIES


s/ William W. Frankfurt
William Frankfurt
Frankfurt and Trani, P.C.
1775 Sherman Street, Suite 2960
Denver, Colorado  80203
Telephone:  (303) 830-0090
Facsimile:  (303) 830-0129
E-mail:  wfrankfurt@frankfurt-trani.com
ATTORNEY FOR PLAINTIFF


DATED this 3rd day of August, 2009.


BY THE COURT

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District  Judge

*EXHIBIT A*

<u>***AFFIDAVIT***</u>

STATE OF COLORADO          )
                                          ) SS.
COUNTY OF _____  )

I, _____, under penalty of perjury, state or affirm:

1.      I have read the Protective Order in <u>*Williams v. The City of Aurora, et al.*</u>, Civil Action No. 09-cv-00121-RPM-BNB, which is presently pending before the United States District Court for the State of Colorado.

2.      I have been informed by _____, counsel for _____, that the documents, materials, testimony, and other information (collectively "information") listed in the attached list are confidential information subject to the Protective Order.

3.      I hereby agree to comply with, and to be bound by, the terms of the Protective Order.  I understand that, among the requirements of the Protective Order, are the requirements:

      a.      not to use any confidential information for any purpose other than this litigation;

      b.      to hold any confidential information in the strictest confidence;

      c.      not to copy any confidential information; and

       d.        not to divulge any confidential information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

       4.        For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

FURTHER AFFIANT SAYETH NAUGHT.


_____

Subscribed and sworn to before me this _____ day of _____, 2009.

Witness my hand and official seal.

My Commission expires:  _____